**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4440**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERICK MONTIQUE HARPER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00272-D-1)

Submitted: July 28, 2016        Decided: September 9, 2016

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derick Montique Harper pled guilty to possession of a firearm by a convicted felon. The district court applied the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA), and sentenced Harper to 144 months' imprisonment. On appeal, Harper argues that the district court erred by denying him funds to secure the expert of his choice and by applying the ACCA based on a finding that a series of burglaries and kidnappings that he committed on February 24, 1997, constituted multiple predicates.[1] We affirm.

---

[1] Harper also asserts that the trial court should have granted him a greater departure or variance based on factors such as his military service and post-traumatic stress disorder, but concedes that this claim is not viable unless the Court finds that the ACCA is inapplicable. Because the district court properly applied the ACCA, this argument warrants no further analysis.

Harper also argues that the district court erred by imposing a 2-level enhancement for obstruction of justice under USSG § 3C1.1 based on the risk posed by his flight. But the district court imposed a substantial risk enhancement under USSG § 3C1.2, not an obstruction of justice enhancement under USSG § 3C1.1. Moreover, this enhancement did not affect Harper's Sentencing Guidelines range, which was determined by the armed career criminal Guideline and then adjusted upward to the statutory minimum. See USSG §§ 4B1.4(b)(3)(B), 5G1.1(b).

In its response brief, the Government asserts that Harper's challenges to the § 3C1.2 enhancement and the denial of a greater departure or variance are barred by his appellate waiver. Because the only claims for which the Government asserts the waiver are plainly meritless, we do not reach the issue of whether the waiver is valid and enforceable.

On Harper's motion, the district court had Harper evaluated by Dr. Manuel E. Gutierrez, a prison psychologist, who provisionally diagnosed him with post-traumatic stress disorder (PTSD). Believing this evaluation to be inadequate, Harper sought funds to retain Dr. Richard Weisler. The court denied this request and instead ordered Dr. Gutierrez to conduct a second evaluation. Harper challenges this ruling on appeal, and we review it for abuse of discretion. United States v. Hartsell, 127 F.3d 343, 349 (4th Cir. 1997). Under 18 U.S.C. § 3006A(e) (2012), indigent defendants are entitled to funds for expert services necessary to their adequate defense. Id. "[A] defendant who alleges that a denial of [§ 3006A(e)] funds has violated due process must demonstrate by clear and convincing evidence that the denial resulted in actual prejudice to the defense." Id. Because Harper has not shown prejudice from his examination only by Dr. Gutierrez and not Dr. Weisler, we conclude that he has failed to establish that the district court abused its discretion.

Harper also argues that his February 1997 offenses do not constitute separate ACCA predicates. "We review de novo the district court's legal conclusion that . . . [a defendant's] qualifying convictions were committed on occasions different from one another." United States v. Span, 789 F.3d 320, 325 (4th Cir. 2015) (internal quotation marks omitted). "However,

3

we review the district court's factual findings, and its judgment regarding factual disputes, for clear error." Id. "[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole." Id. (internal quotation marks omitted).

> We have come to rely on five factors to determine whether predicate ACCA offenses were committed on different occasions: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

United States v. Linney, 819 F.3d 747, 751 (4th Cir. 2016); see United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995) (setting forth factors).

Having reviewed the record, we agree with the district court that Harper's February 1997 offenses, which occurred at different times and in at least three different locations, constituted at least three distinct ACCA predicates. See Linney, 819 F.3d at 752-53 (finding separate predicates under similar circumstances). Although Harper argues that his PTSD rendered him psychologically incapable of ceasing his criminal conduct between offenses, the evidence does not indicate that Harper's decision to continue his spree was unconscious or unknowing, and Harper's guilty pleas establish that he had

4

sufficient mens rea to convict him of kidnapping, burglary, and breaking and entering. Accordingly, we conclude that the district court did not err in finding that Harper's February 1997 offenses occurred on at least three separate occasions.

Next, Harper argues that the ACCA's requirement that predicates be "committed on occasions different than one another" is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015).[2] The Johnson Court found that the residual clause of the ACCA's definition of "violent felony" was unconstitutionally vague because the Supreme Court's many attempts to devise a workable standard for applying that clause had failed. 135 S. Ct. at 2557-60. In contrast, this Court has long applied the Letterlough factors with none of the problems cited in Johnson. See, e.g., Linney, 819 F.3d at 751. As a result, we conclude that Johnson does not call into question the validity of the ACCA's requirement that predicate offenses be committed on different occasions.

Finally, Harper has filed a notice of supplemental authorities in which he notes the Supreme Court's ruling in Mathis v. United States, 136 S. Ct. 2243 (2016). In light of

---

[2] Harper seeks to assert an Eighth Amendment challenge to the ACCA, but such a challenge has already been rejected by this court, and the fact of Harper's PTSD does not alter this analysis. United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

*Mathis*, Harper seeks to retract his concession that North Carolina second-degree kidnapping is a violent felony and to challenge the use of this offense as an ACCA predicate. The Government has moved to strike this request, and Harper has moved for leave to file a supplemental brief asserting this issue. We agree with the Government that Harper waived this issue by expressly disclaiming it at sentencing. *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue." (internal quotation marks omitted)). Moreover, even if this issue were deemed forfeited rather than waived, it would not entitle Harper to relief because any error in this respect is not plain. Compare *Mathis*, 136 S. Ct. at 2249, 2257 (holding that where statute provides "various factual means of committing a single element," as opposed to multiple alternative elements, courts may not apply modified categorical approach to determine which of those factual means defendant used) with *United States v. Flores-Granados*, 783 F.3d 487, 492-98 (4th Cir.) (applying categorical approach to hold that North Carolina second-degree kidnapping is categorically crime of violence under USSG § 2L1.2 because it constitutes generic kidnapping), cert. denied, 136 S. Ct. 224 (2015).

Accordingly, we affirm the judgment of the district court. We deny as moot the Government's motion to strike and deny

6

Harper's motion for leave to file a supplemental brief because Harper has waived the issue he now seeks to assert. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

                                                           AFFIRMED